**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF TEMPLE, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 88–1723.

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1989.

Helen Eversberg, U.S. Atty., Bruce R. Ellisen, Gary R. Allen, Chief, Appellate Section, Tax Div., Dept. of Justice, William S. Rose, Jr., Richard Farber, Asst. Atty. Gen., Washington, D.C., for defendant-appellant.

Vester T. Hughes, Jr., Cynthia M. Ohlenforst, Hughes & Luce, Dallas, Tex., H. Robert Powell, Hughes & Luce, Austin, Tex., Jay H. Hebert, Lynette M. Zigman, Dallas, Tex., for plaintiff-appellee.

Before BROWN, WILLIAMS and JOLLY, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

The government appeals the U.S. District Court's determination that the First Federal Savings & Loan Association of Temple (Temple) was entitled to a tax refund because Temple realized a recognizable loss pursuant to an exchange of a group of mortgages with another savings and loan, First Federal Savings and Loan of Waco (Waco).

The facts of this case and the issues raised closely parallel those of *San Antonio Savings Association v. Commissioner,* 55 T.C.M. (CCH) 813, 1988 WL41328 (1988) (*"SASA"*). SASA came before this Court on consolidated appeal with the case currently at issue, and today we affirmed the tax court's decision that the taxpayer realized a recognizable loss. *SASA,* 887 F.2d 577 (5th Cir.1989). The purpose behind both SASA's transaction and Temple's exchange with Waco was to meet the requirements of the Federal Home Loan Bank Board's (FHLBB) Memorandum R–49. The only significant factual differences between the facts of *SASA* and those of this case are: (1) Temple completed a bilateral exchange of one group of home mortgage loans for a second group of similar loans, whereas in *SASA* the exchange involved a triangular transaction in which each party transferred its home loan mortgage package to a second institution which in turn transferred another package to the third savings institution which transferred its package back to the first. It was a round-robin exchange. (2) The packages exchanged in *SASA* were 90% participation interests in a number of home loan mortgages, whereas Temple exchanged the entire remaining worth of the mortgages in the two groups. Neither of these differences provides grounds for differentiating between the two cases.

Ultimately, the district court found that the loss Temple experienced from the depreciation of the mortgage loans which it exchanged with Waco constituted a realizable and recognized loss under the Code. *First Federal Sav. & Loan Assoc. of Temple v. United States,* 694 F.Supp. 230, 249 (W.D.Tex.1988) (*"Temple"*). The reasoning of the court, however, differs from that which we have presented in *SASA.* The central issue in this case, as it was in *SASA,* is whether § 1001 of the Internal Revenue Code and the associated Treasury Regulations require that items exchanged must be "materially different" before a loss on an exchange of those items will be considered "realized" and "recognized" under the Code. The *Temple* court concluded that realization only requires a genuine loss and an event fixing the time of that loss. *Temple,* 694 F.Supp. at 239. While we agree that these are two necessary steps, in the case of exchanges we also held that the case law defining "realiza-

tion" establishes that items exchanged must be materially different in order for the exchange to constitute a realization event. *SASA*, 887 F.2d at 582.

■ The district court further determined that Treas. Reg. § 1.1001–1(a) does not establish the requirement that items which are exchanged must also be materially different for that exchange to constitute a realization event. *Temple*, 694 F.Supp. at 243–244, 246–248. We disagree with the district court's conclusion in *Temple* that an exchange of two items which are not materially different nevertheless constitutes a realization event. See our opinion in *SASA*, 887 F.2d 582.

■ We also disagree with the district court's conclusion that a package of residential mortgages which meets the requirements of FHLBB's Memorandum R–49 will necessarily not be materially different. We find that because the mortgages have different collateral and different obligors they are by definition materially different. *SASA*, 887 F.2d at 589. We affirm, however, the district court's finding that IRC § 165 does not preclude Temple from realizing its loss.

In conclusion, we affirm the result of the district court's decision but under different reasoning. Temple did realize the recognizable loss it claimed on the R–49 transaction and must receive its claimed refund because the exchanged mortgages were materially different. Thus, we depart from the district court's opinion to the extent that it is inconsistent with our opinion in *SASA*, but we affirm the decision.

AFFIRMED.